**Ronald KARRELS, Plaintiff,**

v.

**ADOLPH COORS COMPANY, a corporation, Mechanics Laundry & Supply Company, Inc., a corporation and Mildred and Edwin French, Defendants.**

**No. 86 C 9432.**

United States District Court, N.D. Illinois, E.D.

Nov. 16, 1988.

Todd A. Smith, Corboy & Demetrio, Chicago, Ill., for plaintiff.

Thomas R. Nelson, Baker & McKenzie, Chicago, Ill., for defendant Adolph Coors.

David E. Trainor, Tressler, Soderstrom, Maloney & Priess, Chicago, Ill., for defendant Mechanics Laundry & Supply Co., Inc.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Ronald M. Karrels ("Karrels") brings this two-count diversity action against defendants Mechanics Laundry & Supply Company, Inc. ("Mechanics") and Adolph Coors Company ("Coors") for injuries allegedly arising out of a swimming pool accident. In his second amended complaint, Karrels named Mildred French and Edwin French (collectively "French"), in their individual capacities as additional defendants. Defendants French are citizens of Indiana and allegedly co-owners of Monarch Beverage Co. ("Monarch"), an Indiana corporation.[1] Pursuant to 28 U.S.C. § 1404(a), defendants Mechanics and Coors filed renewed motions to transfer to the United States District Court for the Southern District of Indiana.[2] In addition, defendant Mechanics filed a motion for sum-

---

1. There is some confusion among the defendants as to whether Karrels sought to rename Monarch as a defendant in this action. Apparently aware of this confusion, Karrels indicated that Monarch was inadvertently renamed as a defendant in its second amended complaint. *See* Plaintiff's Statement Pursuant to Local Rule 12(f) at ¶ 7, *Karrels v. Adolph Coors Co.*, No. 86–9432 (N.D.Ill. filed Sept. 19, 1988). Based on this representation, we dismissed Monarch as a defendant without prejudice. *See* Order of Nov. 3, 1988. For the record, we note that Monarch previously was dismissed from this action. *See* Order of May 29, 1987 (Getzendanner, J.).

2. In January of 1987, Mechanics filed its initial motion for change of venue to the federal district court for the Southern District of Indiana. Shortly thereafter, Coors filed its motion for change of venue. On July 20, 1987, defendants' motions to transfer were denied. In September of 1987, both Mechanics and Coors filed petitions for rehearing regarding their motions for change of venue. On September 16, 1987, Judge Getzendanner denied defendants' motions for rehearing and to transfer *without prejudice.* Meanwhile, this case was transferred to this Court's docket. As a result of discovery completed thus far, Mechanics and Coors have renewed their motions for change of venue.

mary judgment and defendant Mildred French[3] filed a motion to dismiss the second amended complaint for lack of personal jurisdiction. For the reasons set forth below, we grant the motion to transfer and decline to consider Mechanics' motion for summary judgment and Mildred French's motion to dismiss.

## I. FACTS

Plaintiff Ronald M. Karrels is a citizen of Illinois. Defendant Mechanics is an Indiana corporation and has its principal place of business in the Southern District of Indiana. Coors is incorporated in and has its principal place of business in Colorado. Mildred French is an Indiana resident.

This action arises out of a swimming pool accident which occurred on May 24, 1986 in the city of Lawrence, Indiana. Karrels contends that Mechanics owned, operated, managed, maintained and controlled the swimming pool and its surrounding facilities. Defendant Coors, along with non-party Monarch, allegedly co-sponsored a party in conjunction with the Indianapolis 500 automobile race. Karrels attended this function as a prize for winning a sales contest. According to the second amended complaint, a swimming pool was located on the premises of this party. Karrels, while using the pool, struck his head on the bottom of the pool and suffered a neck injury. As a result, Karrels is a quadriplegic.

Count I of the second amended complaint is brought against Mechanics and French. The count alleges that Mechanics and French owned, operated, managed, maintained and controlled the pool which was the site of the underlying accident. Karrels alleges that Mechanics and French failed to provide signs designating diving areas and depth markings and failed to provide a lifeguard or security personnel.

Count II is brought against Coors; however, it contains allegations of negligence against Coors and French. Basically, count II charges Coors and French with the negligent conduct which is charged in count I. In addition, count II alleges that Coors and French, as co-sponsors of the party, breached their duty of due care by failing to identify the depths of the pool.

## II. DISCUSSION

■ Pursuant to section 1404(a), a district court may transfer a civil action "[f]or the convenience of the parties and witnesses [and] in the interests of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To meet the requirements of § 1404(a), the movant must establish (1) that venue is proper in the transferor district; (2) that the case initially could have been filed in the transferee district; and (3) that the transfer is for the convenience of the parties and witnesses and in the interest of justice. *Walter E. Heller & Co. v. James Godbe Co.*, 601 F.Supp. 319, 320 (N.D.Ill. 1984). The first and second elements are satisfied as venue is proper in the Northern District of Illinois where plaintiff resides or in the Southern District of Indiana where the cause of action arose. 28 U.S.C. § 1391. We now address the other factors of § 1404(a) which favor transfer.[4]

### A. *Plaintiff's Choice of Forum*

■ This Court recognizes that the party seeking to transfer a case bears a strong burden of showing that another forum is more appropriate, and unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed. *See Magnavox Co. v. Bally Manufacturing Co.*, 414 F.Supp. 891, 892 (N.D.Ill. 1976).[5] The deference afforded a plain-

---

**3.** According to both Coors' and Mechanics' motions for change of venue, newly-added defendant Edwin French, Sr. is deceased.

**4.** The district court has broad discretion to grant or deny a motion to transfer and will not be reversed unless the appellate court finds a clear abuse of discretion. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986).

**5.** While the movant has the burden of establishing that the transferee forum will best serve the interests articulated by 28 U.S.C. § 1404(a), *Feldman Associates v. LinGard & Associates, Inc.*, 676 F.Supp. 877, 881 (N.D.Ill.1988), less of a showing of inconvenience is needed for a § 1404(a) transfer than that for a forum *non conveniens* dismissal. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264–65,

tiff's choice of forum, however, will not defeat a well-founded motion to transfer. In this case, plaintiff's choice of forum is just one of the factors which this Court weighs when deciding this motion. *See General Accident Insurance v. Traveler's Corp.,* 666 F.Supp. 1203, 1206 (N.D.Ill. 1987); *Associated Mills, Inc. v. Rush–Hampton Industries,* 588 F.Supp. 1164, 1166 (N.D.Ill.1984).

### B. *Convenience of the Parties and the Witnesses*

The facts presented by the parties indicate that each party will experience some inconvenience if the litigation proceeds in Illinois or Indiana. Karrels, a quadriplegic as a result of a spinal chord injury, is confined to a wheelchair. Karrels alleges that travel to Indiana would be burdensome physically, emotionally and financially.

When the district court denied the defendants' earlier motion for a change of venue, the court stated that travel to Indiana would be "appreciably more burdensome on plaintiff both physically and financially." *Karrels v. Adolph Coors Co., Inc.,* No. 86–9432 (N.D.Ill. July 20, 1987) (Getzendanner, J.) [available on WESTLAW, 1987 WL 14717]. In making this statement, the court relied on the fact that plaintiff was confined to a wheelchair and, at that time, in need of round-the-clock care from a personal attendant. Karrels argues that these facts have not changed and that these facts continue to tip the balance against transfer to Indiana.

The defendants dispute whether Karrels needed or received round-the-clock personal attendant care. The medical records attached to defendants' renewed motion for transfer indicate that Karrels received such care but that the level of care decreased as Karrels' rehabilitation progressed. The parties do not dispute, and this Court recognizes, that Karrels requires some level of daily care.

We are not unaware of or indifferent to plaintiff's physical condition; but, just as we must consider the difficulties Karrels would face if this litigation proceeds in Indiana, so too must we consider the difficulties the defendants would face if this litigation proceeds in Illinois. French is an Indiana citizen and the alleged owner of the premises where Karrels' accident occurred. French has not joined in the motions for a change of venue; instead, French has filed a motion to dismiss for lack of personal jurisdiction. While we do not pass on French's motion to dismiss, we note that, in support of this motion, French filed an affidavit which states that she is over eighty years of age. Assuming that this Court could exercise jurisdiction over French, her advanced age would make Illinois an inconvenient forum for her.[6] In addition to French, Mechanics, an Indiana corporation with its principal offices in Indianapolis, will be forced to incur the costs and inconvenience of transporting and providing lodging to their representatives in Illinois. Coors, a Colorado corporation, suffers some inconvenience no matter where this litigation proceeds. Karrels argues that transfer will not reduce any inconvenience; instead, transfer will shift the inconvenience of litigation to him. If transfer to·Indiana would merely shift the inconvenience of litigation from defendants to plaintiff, Karrels argues that this factor weighs against transfer. *See Feldman Associates v. LinGard & Associates, Inc.,* 676 F.Supp. 877, 881 (N.D.Ill.1988). While we agree with this general proposition, we must examine other factors to decide this motion.

One such factor is the convenience of the witnesses. Karrels states that his witnesses include Richard Anholt ("Anholt"), an occurrence witness, damage witnesses and medical experts. All of these witnesses reside in Illinois. Defendants point out

---

70 L.Ed.2d 419 (1981), *reh'g denied,* 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982); *Club Assistance Program, Inc. v. Zukerman,* 598 F.Supp. 734, 736 (N.D.Ill.1984).

**6.** If this action were between Karrels and French only and if their relative inconveniences were the sole factors this Court had to balance, Karrels' choice of forum would prevail. That is not the case before this Court.

that Anholt is a personal friend of Karrels and, while Indiana would lack the power to compel Anholt's attendance, it is likely that Anholt would appear without such compulsion. Karrels has identified thirty-two post-occurrence damage and medical witnesses. Karrels also has identified an economist who will testify as an expert witness. All of these witnesses reside in Illinois. The residence of an expert witness does not affect this Court's analysis under section 1404(a). Expert witnesses are paid for their time and are within the control of the party calling them. Consequently, expert witnesses likely will appear no matter where the litigation proceeds. With respect to the thirty-two post-occurrence damage and medical witnesses, this Court believes that it is unlikely that Karrels will need to call each and every one. We base our belief on the knowledge that much of what these witnesses could or may testify to may be admissible under Fed.R. Evid. 803(4) and 803(6). We, however, recognize that these evidentiary rules may not obviate the need for testimony from these witnesses. Accordingly, we accept, at face value, Karrels' assertion that all thirty-two witnesses may be called. Despite our acceptance of this assertion, we reject Karrels' suggestion that the potential inconvenience to these witnesses deserves more consideration than the possible inconvenience to other witnesses.

The defendants have identified a number of witnesses who are Indiana residents who will be inconvenienced if this litigation remains in Illinois.[7] These witnesses worked at or attended the party at which Karrels was injured. These witnesses will testify about the condition of the pool, the events leading to Karrels' injury and Karrels' post-injury medical treatment.[8] In rebuttal, Karrels argues that many of the Indiana witnesses are employees of either Mechanics or Monarch. Accordingly, these witnesses are likely to appear voluntarily.

We do not agree completely with Karrels on this point. If these non-party witnesses are not employees of Mechanics, there is no incentive for them to proceed voluntarily in a foreign venue. While we recognize that both Monarch and Mechanics allegedly are or were owned by the same individual(s), these companies are separate entities. Monarch was dismissed from this action because the Court lacked jurisdiction over it. Although Monarch employees may be motivated to testify on behalf of the remaining defendants because of this common ownership, their attendance is in no way certain. In fact, we believe it is at least as likely that Monarch will not voluntarily produce its employees as witnesses. Originally, Monarch was named as a defendant because of its alleged dual-status as owner of the pool where the accident occurred and co-host of the party at which Karrels was injured. We believe that Monarch has compelling reasons to remain as far removed from this litigation as possible. The parties do not dispute that this Court lacks the power to compel the appearance of these witnesses. The inability to compel the appearance of material non-party witnesses weighs in favor of transfer. *Harris Trust & Savings Bank v. SLT Warehouse Co.*, 605 F.Supp. 225, 229 (N.D.Ill.1985) ("[I]t would be imprudent to proceed in a forum where none of the important witnesses is subject to process."). We also reject Karrels' argument that defendants could present the testimony of these witnesses through deposition transcripts. We believe that the use of deposition transcripts in place of live testimony is often, though not always, disadvantageous. Forcing a party to try or defend a case on depositions "create[s] a condition not satisfactory to court, jury or most litigants."

7. In its renewed motion to transfer, Coors indicates that four occurrence witnesses are California residents and one is a Colorado resident. These witnesses will suffer inconvenience regardless of where this litigation proceeds. Hence, we do not consider their inconvenience when deciding this motion. In other pleadings, Mechanics indicates that there are other occurrence witnesses without indicating their residences. Again, we have not considered this information when deciding this motion.

8. Much of this testimony is necessitated by Karrels' refusal or inability to stipulate to the authenticity of various post-injury medical records.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947).

Finally, this Court must consider the period of time witnesses will be away from their jobs and the expenses which will be incurred by the witnesses. *Wallen v. Loving,* 609 F.Supp. 159, 161 (N.D.Ill.1985). In this particular case, we believe this to be a neutral factor. Both parties have identified witnesses who will be away from their jobs and who will incur expenses if they testify.

Our discussion of the convenience of the witnesses demonstrates that this factor does not strongly weigh in favor of any particular party. Without more, a shift in inconveniences does not justify transfer. In this case, however, there are other factors which clearly favor transfer.

## C. *Interest of Justice*

■ Transfer of this case to Indiana would advance the interests of justice. Factors considered in the "interest of justice" analysis focus on the efficient administration of the court system as opposed to the private considerations of the litigants. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986). With respect to this case, three important considerations weigh in favor of transfer to the Southern District of Indiana. First, it is well-recognized that a diversity case should be decided by the court most familiar with the applicable state law. Under Illinois' choice of law principles, Indiana law governs the rights and liabilities of the parties. *Edwardsville National Bank v. Marion Laboratories, Inc.,* 808 F.2d 648, 651 (7th Cir. 1987) (interpreting Illinois' conflicts law); *see also Ferguson v. Kasbohm,* 131 Ill. App.3d 424, 86 Ill.Dec. 605, 475 N.E.2d 984 (1st Dist.1985) (In tort actions, plaintiff's status as an Illinois resident will not defeat the presumption that the state in which an injury occurs has the most significant relationship to any resulting cause of action for choice of law purposes.).

As in the *Edwardsville* case, every event of interest to this case happened in Indiana. The plaintiff's accident occurred in Indiana, the events surrounding the accident took place in Indiana, and the plaintiff received emergency medical treatment at a hospital in Indianapolis. Only Karrel's residence in Illinois and rehabilitation treatment in Illinois provide any contact with Illinois. This case poses the following issues of local law: premises liability; negligence of the plaintiff; apportionment of liability among defendants; and, indemnity. While these issues may not be complex, we believe that the district court for the Southern District of Indiana will be more readily familiar with the applicable law.

Second, the swimming pool is located in Indiana and the Indiana court will have greater access to this most important source of proof. Indeed, transfer of a case to the district which encompasses the situs of the accident has been recognized in many cases. *See Midwest Precision Services v. PTM Industries Corp.,* 574 F.Supp. 657, 661 (N.D.Ill.1985).

Third, we believe that the parties will receive a speedier resolution in the Southern District of Indiana. Courts in this district have recognized that the Northern District of Illinois consistently ranks among the most congested of district courts nationally. *See Letter-Rite, Inc. v. Computer Talk, Inc.,* 605 F.Supp. 717, 722 (N.D.Ill.1985). Clearly, the possibility of receiving a speedier resolution favors transfer. *Coffey v. Van Dorn Iron Works,* 796 F.2d at 221.

Finally, in this particular case, the unavailability of a potential defendant in this forum contrasted with that defendant's amenability to suit in Indiana mandates transfer. *Lemke v. St. Margaret Hospital,* 594 F.Supp. 25, 28 (N.D.Ill.1983). The negligence allegations against Coors derive from an alleged duty of care imposed on or undertaken by Coors as a result of its sponsorship of the party at which Karrels was injured. Monarch, who is not a party in this action, as a cosponsor of the party, arguably owed the same duty of care to Karrels. Consequently, Coors may wish to shift all or part of the liability for Karrels' injuries to Monarch. We believe that, at the very least, Coors should have the opportunity to join a non-party who may share blame if Coors is found liable. Coors

cannot do this in this Court; however, Monarch is amenable to suit in Indiana. We believe that judicial economy and the interests of justice convincingly support transfer of this action to Indiana.

### III. CONCLUSION

For the reasons set forth in this opinion, this Court grants Mechanics' and Coors' motion to transfer to the United States District Court for the Southern District of Indiana.[9]

---

**9.** We express no opinion on the other motions currently pending before this Court and defer ruling in favor of the transferee court.