**Honorio ESPINO, Administrator of the Estate of Rosendo Espino, deceased, et al., Plaintiffs,**

v.

**TOP DRAW FREIGHT SYSTEM, INC., a Delaware Corp., and Richard D. Cassell, Defendants.**

No. 89 C 3451.

United States District Court, N.D. Illinois, E.D.

June 9, 1989.

Sidney Novit, Sidney Novit & Associates, Chicago, Ill., for plaintiffs.

Suzan J. Sutherland, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

### I. *Facts*

On April 10, 1989, a complaint was filed in the United States District Court for the Eastern District of Texas, Texarkana Division ("the Texas suit"), to recover damages arising out of the death of Velia Ochoa as a result of a motor vehicle accident which occurred on February 5, 1989 in Mount Vernon, Texas. The decedent was an occupant of a van which was operated by Ernesto Madrid and which collided with a truck driven by defendant Richard Cassell ("Cassell") and owned by defendant Top Draw Freight System, Inc. ("Top Draw").

The Texas suit was brought in the name of Emiliano Alvarado Ochoa as next friend of Velia Alejandra Ochoa, Lucila Marisela Ochoa, Elizabeth Ochoa and Jorge Luis Madrid Ochoa ("the Ochoa minor plaintiffs"), and by Maria Alejandra Ochoa, as Civil Action No. TX–89–39–CA. Velia Ochoa

was the mother of the named minor plaintiffs. Emiliano Alvarado Ochoa is the maternal uncle of the Ochoa minor plaintiffs and a resident and citizen of Mexico. Maria Alejandra Ochoa, also a resident and citizen of Mexico, is the mother of the decedent Velia Ochoa and the grandmother of the Ochoa minor plaintiffs. On April 18, 1989, a state judge sitting in the County Court of Franklin County, Texas entered an order appointing Emiliano Alvarado Ochoa and Maria Alejandra Ochoa coguardians of the Ochoa minor plaintiffs.

In the Texas suit, plaintiffs alleged that at the time of the occurrence, the Ochoa minor plaintiffs resided in the Northern District of Illinois, but now reside with their maternal uncle and grandmother in Mexico. The plaintiffs further alleged that defendant Cassell is a resident of the State of California and that defendant Top Draw, the owner of the truck driven by Cassell, is a Delaware corporation with its principal place of business in the State of California.

On April 26, 1989, the instant complaint was filed in this district ("the Illinois suit") by Honorio Espino, individually, and as Administrator of the Estate of Rosendo Espino, and as the father and next friend of Eustolio Espino, Heron Espino and Elias Espino ("the Espino plaintiffs"), and by Ernesto Madrid, individually, and as the Administrator of the Estate of Velia Ochoa and as the father and next friend of George Ochoa Madrid, and as stepfather and next friend of Velia Alejandra Ochoa, Marisela Ochoa and Elizabeth Ochoa ("the Ochoa plaintiffs"). Like the Texas suit, this Illinois suit also seeks to recover damages as a result of the Texas accident.

In the Illinois suit, however, plaintiffs allege that all of the Ochoa plaintiffs and the Espino plaintiffs reside in the Northern District of Illinois. Otherwise, the defendants are identical in both suits, and jurisdiction is based upon diversity of citizenship in both suits. *See* 28 U.S.C. § 1332.

Defendants have now filed a motion incorrectly styled as a "motion for change of venue" in which they seek a transfer of this case to the United States District Court for the Eastern District of Texas.

Because this motion was obviously intended as a motion to transfer pursuant to 28 U.S.C. § 1404(a), we treat it accordingly. For the reasons set forth in this opinion, defendants' motion to transfer is granted.

## II. *Discussion*

Section 1404(a) governs the transfer of an action from one district court to another and provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

### A. Plaintiffs' Choice of Forum

■ This Court recognizes that a party who seeks a transfer bears the burden of showing that the transferee forum best serves the interests stated in the transfer statute. A plaintiff's choice of forum is an important consideration in determining whether or not a motion to transfer should be granted. *See Magnavox Co. v. Bally Manufacturing Co.*, 414 F.Supp. 891, 892 (N.D.Ill.1976). A plaintiff's choice of forum, however, is not absolute and will not defeat a well-founded motion to transfer. *See General Accident Insurance v. Traveler's Corp.*, 666 F.Supp. 1203, 1206 (N.D. Ill.1987); *Associated Mills, Inc. v. Rush–Hampton Industries*, 588 F.Supp. 1164, 1166 (N.D.Ill.1984). A plaintiff must select a forum which bears some reasonable relationship to events which form the basis of his action.

Here, different relatives claim to represent the Ochoa minor plaintiffs and the residency of the Ochoa minor plaintiffs is in dispute. In the earlier filed Texas suit, it is alleged that they are residing in Mexico with their maternal uncle and grandmother who have been appointed their guardians by a Texas state court. In the Illinois suit, it is claimed that they are still residents of Illinois. Obviously, one of the attorneys involved in these two suits did not make the investigation required by Rule 11 prior to filing suit. *See* Fed.R.Civ. P. 11. We need not resolve this conflict, however, to decide this motion. Even if it

is assumed that the Ochoa minor plaintiffs and the Espino plaintiffs reside in this district, the defendants' motion to transfer should be granted based on the other considerations under Section 1404(a).

### B. Convenience of the Parties and the Witnesses

■ First, the convenience of witnesses and other parties strongly favors transfer. The investigating police officers, the physicians or other medical personnel, and any eyewitnesses or post-occurrence witnesses are residents of Texas and not amenable to process to compel their attendance at a trial in this district. These witnesses, however, are available to testify in Texas as to their investigation and conclusions regarding the accident and to the immediate post-accident medical examination of the decedent plaintiff. Similarly, although they do not reside in Texas, the co-guardians of the minor Ochoa plaintiffs reside in Mexico, which is much closer to Texas than to Illinois. Finally, both the operator of the truck involved and the corporate defendant which owns the truck are residents of California. Thus, at the very least, the defendants will be equally inconvenienced whether this case is tried in Texas or in Illinois and, arguably, they will be less inconvenienced if this case is tried in Texas. Consequently, the balance of convenience strongly weighs in favor of transfer.

### C. Interest of Justice

The transfer of this case to Texas will also promote the interest of justice. This final component of Section 1404(a) focuses on the efficient administration of the court system, rather than the private considerations of the litigants. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986); *Peach Tree Corp. v. Peach Tree Network, Inc.,* 706 F.Supp. 639, 641 (N.D. Ill.1989); *Karrels v. Adolph Coors Co.,* 699 F.Supp. 172, 177 (N.D.Ill.1988); *Bally Manufacturing Co. v. Kane,* 698 F.Supp. 734, 739 (N.D.Ill.1988).

■ In this case, several important considerations encompassed under the interest of justice rubric favor transfer. First, a diversity case should be decided by a court which is most conversant with the applicable state law. In this case, Texas is the situs of the accident and, therefore, Texas law applies. *See Edwardsville National Bank v. Marion Laboratories, Inc.,* 808 F.2d 648, 651 (7th Cir.1987) (interpreting Illinois conflicts law). Naturally, the district court in Texas is more conversant with Texas law than this Court is.

Second, the events underlying the Texas accident bear little, if any, connection with this forum. If Texas counsel is correct and the Ochoa minor plaintiffs reside in Mexico, then the only remaining connection with this district is the residence here of the Espino plaintiffs. That connection, when balanced against the other factors favoring litigation in Texas, is simply not sufficient to defeat the motion to transfer. If, on the other hand, Illinois counsel is correct and the Ochoa minor plaintiffs reside in this district, the net effect is the same. The fact that plaintiffs reside here, without more, does not outweigh the other factors favoring transfer.

Third, transfer of this case would likely result in conservation of judicial resources. This suit and the earlier filed Texas suit arise out of the same accident in Texas and involve many of the same parties. It makes far more sense to consolidate and streamline the two suits in Texas than to litigate them piecemeal.

The final factor weighing in favor of transfer is the likelihood of an earlier trial and resolution of this matter in the transferee forum. *See Coffey,* 796 F.2d at 221. In this case, we note that the Northern District of Illinois consistently ranks near the top of the most congested district courts nationally. *See Karrels,* 699 F.Supp. at 177; *Letter–Rite, Inc. v. Computer Talk, Inc.,* 605 F.Supp. 717, 722 (N.D.Ill.1985). Thus, this factor also weighs in favor of transfer.

### III. *Conclusion*

For the reasons stated in this opinion, defendants' motion to transfer this case to the United States District Court for the Eastern District of Texas, Texarkana Divi-

sion, is granted pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.