David C. **FONDRIE**, Plaintiff,

v.

**CASINO RESOURCE CORPORATION and Jack Pilger, Defendants.**

No. 95–C–584.

United States District Court,
E.D. Wisconsin.

Oct. 6, 1995.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Francis W. Deisinger and David Sisson, Milwaukee, WI, for Plaintiff.

Pophham, Haik, Sschnobrich & Kaufman by Matthew E. Damon and Liane M. Wong, Minneapolis, MN, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On April 13, 1995, the plaintiff, David Fondrie, commenced the above-captioned action against the defendants, Casino Resource Corporation ["CRC"] and Jack Pilger, in the Milwaukee county circuit court. The action was removed to this court by the defendants on May 30, 1995, pursuant to 28 U.S.C. § 1441(a). Jurisdiction is based upon 28 U.S.C. § 1332(a)(1). Presently before the court is the defendants' motion for a transfer of venue.

### I. BACKGROUND

In his complaint, Mr. Fondrie alleges that he was hired by CRC on July 20, 1993, to act as CRC's president and chief operating officer. The plaintiff alleges that he entered into an employment agreement with CRC on July 28, 1993, which provided for an initial two-year term of employment.

Under the terms of the agreement, Mr. Fondrie was to receive a $125,000 annual salary. He was also entitled to receive health insurance, participation in a pension plan, and options to purchase CRC stock. The agreement allowed for six methods of termination prior to its normal expiration. Among these methods was a voluntary termi-

nation by Mr. Fondrie. The plaintiff contends that CRC terminated his employment in late July 1994 without the occurrence of any one of the circumstances allowing for early termination of the agreement. The defendants contend that Mr. Fondrie voluntarily terminated the agreement in May 1994.

## II. ANALYSIS

 The defendants' motion for a transfer of venue is brought pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the burden is upon the moving party to show that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986). A plaintiff's choice of forum is ordinarily entitled to substantial weight under § 1404(a). *See Strasen v. Strasen*, 897 F.Supp. 1179, 1186–87 (E.D.Wis.1995). Whether to transfer an action is a decision within this court's discretion. *Coffey*, 796 F.2d at 219.

### A. Convenience of the Parties

Mr. Fondrie resides in Wisconsin. Mr. Pilger, CRC's chairman, presently resides in Mississippi. CRC is a Minnesota corporation with its principal place of business and its corporate offices located in Mississippi. Mr. Pilger became a resident of Mississippi in 1993, but Mr. Fondrie asserts that Mr. Pilger continues to own property in Door county Wisconsin, and in Elkhorn, Wisconsin. Until May 1994, CRC's headquarters and principal place of business were located in Elkhorn, Wisconsin.

While a transfer of this action to Mississippi would probably be more convenient for CRC and Mr. Pilger, such a transfer would likely place a greater financial burden on the plaintiff than the defendants. Mr. Fondrie is presently employed. However, his present salary is only 60% of his former salary with CRC. Additionally, both defendants have substantial connections to Wisconsin.

The defendants assert that documents relevant to plaintiff's claims are located in Mis-

sissippi. However, they fail to identify any of these relevant documents. In his response to the defendants' motion, Mr. Fondrie contends that the defendants have identified only one document as relevant to their defense. Hence, I do not believe that the location of documents militates in favor of transfer in this case.

 Another factor which may be considered in connection with the convenience of the parties is the location of counsel. *See Kelley Co., Inc. v. Central National Ins. Co. of Omaha*, 598 F.Supp. 350, 353 (E.D.Wis. 1984). In the case at bar, the plaintiff has retained counsel in Milwaukee and the defendants have retained counsel in Minneapolis. The location of counsel suggests that a trial in Wisconsin would be more convenient for the lawyers presently involved in this case.

 With respect to the convenience of the parties, I believe that a transfer of this action would merely shift the *inconvenience* to the plaintiff. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc*, 883 F.2d 1286, 1294 (7th Cir.1989). Venue should not be transferred solely to shift convenience from the plaintiff to the defendant. *North Shore Gas Company v. Salomon, Inc.*, 896 F.Supp. 786, 791–92 (N.D.Ill.1995).

### B. Convenience of the Witnesses

The defendants contend that CRC employees and many potential witnesses presently reside in or near Biloxi, Mississippi, which is located in the southern district of Mississippi. In an affidavit submitted by Mr. Pilger in support of the motion for a transfer, he avers that CRC has identified twelve witnesses, seven of whom are current or former employees of CRC who reside in or near Biloxi.

Mr. Fondrie has submitted an affidavit in support of his brief in opposition to the defendants' motion. In his affidavit, the plaintiff avers that his tentative witness list includes ten individuals, only one of whom, Mr. Pilger, presently resides in Mississippi. Mr. Fondrie also avers that two of the members of CRC's board of directors at the time of his discharge reside in Wisconsin. He states that Mr. Pilger resides in Mississippi, and

that one other board member resides in Louisiana. Mr. Fondrie avers that another board member maintains residences in Missouri, California and Wyoming.

 The party seeking a transfer must clearly specify the key witnesses to be called and make a general statement of their testimony. *See Heller,* 883 F.2d at 1293; *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167–68 (N.D.Ill.1995). In a document attached to their tardy reply brief, the defendants have identified their witnesses and presented a very brief summary of their expected testimony. However, there also appear to be a number of prospective witnesses who reside in Wisconsin. Consequently, I do not believe that the location of prospective witnesses weighs in favor of a transfer of this action. Moreover, while the situs of the events which gave rise to this action allegedly occurred in Biloxi, it appears that few of the board members of CRC at the time of Mr. Fondrie's dismissal, reside in Mississippi.

### C. Interests of Justice

 Under this factor, the court must consider such concerns as ensuring a speedy trial, trying related litigation together, and having a judge familiar with the applicable law try the case. *Heller,* 883 F.2d at 1293. This factor focuses on public considerations such as the efficient administration of justice, rather than the private interests of the litigants. *Espino v. Top Draw Freight System, Inc.,* 713 F.Supp. 1243, 1245 (N.D.Ill.1989).

The defendants assert that the public interest factors under § 1404(a) are generally irrelevant to this proceeding. There is no related litigation. This court's trial calender is reasonably current, and this case should be able to proceed to trial in this district within a year from this date. The defendants also state that Mr. Fondrie's employment agreement is governed by Minnesota law, but that they also urge that the law applicable to the alleged resignation must be resolved under Mississippi law. While this court does not profess present familiarity with Mississippi law, that fact should not hinder the resolution of this case by this court. None of the above-listed factors weigh in favor of transferring this action.

### III. CONCLUSION

 Upon consideration of all of the factors under § 1404(a), I find that the defendants have failed to meet their burden of establishing that transfer of this action to the southern district of Mississippi is warranted. I conclude that the better exercise of the court's discretion is to deny the defendants' motion for a transfer of venue.

### ORDER

Therefore, IT IS ORDERED that the defendants' motion for transfer of venue be and hereby is denied.