**Victoria BOUSIS, Plaintiff,**

v.

**MARRIOTT INTERNATIONAL, INC., and YBG Associates, L.L.C., Defendants.**

**No. 99 C 685.**

United States District Court, N.D. Illinois, Eastern Division.

May 7, 1999.

Sam Panger, Jr., Leslie Patrick Poole, Palivos Law Firm, Ltd., Chicago, Illinois, for plaintiff.

Robert M. Burke, Timothy R. Couture, Paul R. Gamperl, Johnson & Bell, Ltd., Chicago, Illinois, for Marriott and YBG, defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Marriott International, Incorporated's motion to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404. For the following reasons, the court denies defendant's motion to dismiss for lack of venue but grants defendant's alternative motion to transfer venue.

## I. BACKGROUND

Plaintiff Victoria Bousis ("Bousis") brings this diversity action against the defendants Marriott International, Incorporated ("Marriott") and YBG Associates, L.L.C. ("YBG"). Marriott is a business incorporated under the laws of Delaware with its principal place of business in Maryland. YBG is a limited liability company existing under the laws of Delaware.

This action allegedly arises out of a swimming pool accident which occurred on or about February 16, 1997 in San Francisco, California. Bousis, a law student, contends that both Marriott and YBG owned, operated, managed, and maintained a certain hotel.[1] On the premises of this hotel, Marriott and YBG provide a pool for

---

1. However, later in the complaint, Bousis alleges that the hotel is operated only by Marriott but owned by both Marriott and YBG. (Compl. ¶ 8).

the guests. While swimming, Bousis struck her nose against the side of the pool. As a result, Bousis has allegedly sustained "severe and permanent injuries."

On February 3, 1999, Bousis filed this action charging Marriott and YBG with various negligent acts and/or omissions and seeking monetary damages. In response to this complaint, Marriott filed a motion to dismiss or in the alternative to transfer the case.

## II. *DISCUSSION*

### A. *Motion to dismiss for lack of venue*

Marriott requests this court to dismiss the case for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) because this court does not have personal jurisdiction over YBG. However, in Bousis' response brief, Bousis agrees that this court does not have personal jurisdiction over YBG and requests this court to dismiss YBG from her complaint. Thus, this court will dismiss YBG as a defendant in this case.

Title 28 of the United States Code section 1391(a) provides that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Marriott, the only remain-ing defendant, does not dispute that this court has jurisdiction over it, thus, venue is proper. Accordingly, this court denies Marriott's motion to dismiss for lack of venue.

### B. *Motion to transfer*

Marriott requests this court to transfer this case to the United States District Court for the Northern District of California ("Northern District of California"). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "[f]or the convenience of parties and witnesses [and] in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate under § 1404(a) where the moving party establishes: (1) that venue is proper in the transferor district; (2) that venue and jurisdiction are proper in the transferee district; and (3) that the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *See id; Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 & n. 3 (7th Cir.1986). It is in the sound discretion of the trial judge to determine the weight accorded to each factor. *See Coffey,* 796 F.2d at 219.

### 1. *Venue in the transferor district, the Northern District of Illinois*

Venue is proper in this district because jurisdiction is predicated solely on diversity of citizenship and Marriott does not dispute that this court has personal jurisdiction over it. *See* Part II.A. (providing a more detailed analysis of venue). Thus, the movant Marriott has clearly satisfied the first element.

### 2. *Venue in the transferee district, the Northern District of California*

Venue is also proper in the Northern District of California because a substantial part of the events giving rise to this suit occurred in San Francisco, California which is located within that district. *See* 28 U.S.C. § 1391(a)(2). Thus, the movant

Marriott has also satisfied the second element of § 1404(a).

### C. *Considerations of convenience and interest of justice*

■ The final element of § 1404(a) requires that the movant, Marriott, show that the transferee court is "clearly more convenient" than the transferor court. *Coffey,* 796 F.2d at 219–20. In determining whether Marriott has met this burden, the court will, on an individualized and case-by-case basis, analyze four factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, and (4) the interests of justice. *Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir.1996).

### 1. *Plaintiff's choice of forum*

■ This court recognizes that the movant bears a strong burden of showing that another forum is more appropriate, and unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed. *Warshawsky & Co. v. Arcata Nat'l Corp.,* 552 F.2d 1257, 1259 (7th Cir.1977) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). In this case, Bousis' choice of forum is her home forum, the Northern District of Illinois. However, her choice has no significant connection to the claim. Thus, Bousis' choice becomes only one of the many factors the court may consider. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.1955); *General Accident Ins. Co. v. Travelers Corp.,* 666 F.Supp. 1203, 1206 (N.D.Ill.1987).

### 2. *Convenience of the parties*

The facts presented by the parties indicate that neither party will experience great inconvenience if the litigation proceeds in either Illinois or California. Bousis is a citizen of Illinois but, currently, resides in California while attending law school. Furthermore, Bousis makes no argument that the Northern District of California would even be an inconvenient forum in which for her to litigate. Similarly, Marriott makes no argument that the Northern District of Illinois is an inconvenient forum in which for it to litigate. Because neither forum is of greater convenience to either party, this factor weighs neither in favor of retention of jurisdiction or of transfer of jurisdiction.

### 3. *Convenience of witnesses*

Each party has identified potential, nonparty witnesses who will be inconvenienced by having to travel to another forum to provide testimony in this action. On the one hand, Bousis has identified three potential witnesses, all of whom reside in Illinois. On the other hand, Marriott has identified as potential witnesses one of its employees and one of its former employees, both of whom are believed to reside in California. Based on sheer numbers, Bousis enjoys a slight, though perhaps not decisive advantage, over Marriott.

Sheer numbers alone, however, do not accurately reflect the full extent of the witnesses' convenience factor. *Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734, 738 (N.D.Ill.1988). Rather, in weighing the relative convenience of the witnesses, the court must also consider the nature and the quality of the witnesses' testimony and the availability of the witnesses to compulsory process, as the live testimony of material, non-party witnesses is preferred. *Id.*

Bousis plans to call an occurrence witness and two treating physician witnesses. As Marriott is not disputing that Bousis was injured, these two treating physicians will likely testify as to largely undisputed factual issues.

On the other hand, Marriott has identified two California residents, one of its employees and one of its former employees, as material witnesses. Both of whom will testify on the condition of the pool and the investigation of the incident. General-

ly, where witnesses are in control of a party, it is likely that those witnesses will appear voluntarily. *See Peach Tree Bancard Corp. v. Peachtree Bancard Network, Inc.*, 706 F.Supp. 639, 641 (N.D.Ill.1989). Thus, Marriott's employee-witness is likely to appear voluntarily. However, Marriott's former employee is likely not to appear voluntarily, as the former employee has no incentive to appear.

Based on the above, each party has one material non-party witness over whom the court would lack the power to compel appearance. Thus, this factor does not weigh more in favor of transfer over retention. Without more, a shift in inconveniences does not justify a transfer.

### 4. *Interest of justice*

The final factor this court is to consider under § 1404(a) "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Espino v. Top Draw Freight Sys., Inc.*, 713 F.Supp. 1243, 1245 (N.D.Ill.1989); *see Coffey*, 796 F.2d at 221. With respect to this case, three important considerations weigh in favor of transfer to the Northern District of California.

First, because jurisdiction is founded on diversity of citizenship, state substantive law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It is well recognized that a diversity case should be decided by the court most familiar with the applicable state law. *Espino*, 713 F.Supp. at 1245. In this case, under Illinois conflict of law principles, California law applies. *See Edwardsville Nat'l Bank & Trust Co. v. Marion Labs. Inc.*, 808 F.2d 648, 651 (7th Cir.1987) (interpreting Illinois' conflict of law principles); *Ferguson v. Kasbohm*, 131 Ill.App.3d 424, 86 Ill.Dec. 605, 475 N.E.2d 984, 986–88 (1985) (finding that plaintiff's status as an Illinois resident did not defeat the presumption that the state in which the injury occurred had the most significant relationship to any resulting cause of action). Naturally, the Northern District

of California is more familiar with substantive California law than this court is.

Second, the swimming pool is located in California and the Northern District of California will have greater access to this important source of proof. Courts have recognized the importance of the location of the situs of the accident and have ordered a transfer to that encompassing district. *See Karrels v. Adolph Coors Co.*, 699 F.Supp. 172, 177 (N.D.Ill.1988); *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F.Supp. 657, 661 (N.D.Ill.1983).

Finally, in this case, the unavailability of YBG, a potential defendant, in this forum contrasted to the availability of YBG as a defendant in the Northern District of California weighs in favor of transfer. *See Karrels*, 699 F.Supp. at 177; *Lemke v. St. Margaret Hosp.*, 594 F.Supp. 25, 28 (N.D.Ill.1983). The negligence claims against Marriott derive from an alleged duty of care owed by Marriott to Bousis. As a co-owner, YBG, who is no longer a party in this action, arguably owed the same duty of care to Bousis. Consequently, Marriott may wish to shift part of the liability for Bousis' injuries to YBG. At the very least, Marriott should have the opportunity to join a non-party who may share liability. Marriott can not join YBG in this court, as the court does not have personal jurisdiction over YBG, *see* Part II.A.; however, YBG is amenable to suit in the Northern District of California.

In sum, the court finds that transfer to the Northern District of California is proper. Although Bousis chose this court as the forum, her choice is but one of the many factors which the court considers. The convenience of the parties and the non-party witnesses does not weigh in favor of either retention or transfer. However, the most compelling factor is the interest of justice which weighs heavily in favor of transfer.

### CONCLUSION

For the reasons set forth in this opinion, the court denies Marriott's motion to dis-

miss this case for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) but grants Marriott's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.