### BALLY MANUFACTURING CORPORATION, Plaintiff,

v.

**Marie J. KANE, a/k/a Marissa Kane, d/b/a Kane Amusement Company, a/k/a Kane Amusement Distributing Co., Defendants.**

#### No. 88 C 4833.

United States District Court, N.D. Illinois, E.D.

Nov. 7, 1988.

**736**

James R. Latta, Fagel, Haber & Maragos, Chicago, Ill., for plaintiff.

Saul R. Wexler, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff, Bally Manufacturing Corporation ("Bally"), has filed a two-count diversity action for breach of contract and account stated against defendants, Marie J. Kane, a/k/a Marissa Kane, d/b/a Kane Amusement Company, a/k/a Kane Amusement Distributing Co. (collectively "Kane"). Kane has filed a motion to transfer this action to the United States District Court for the Middle District of Florida.[1] For the reasons set forth below, we grant Kane's motion to transfer pursuant to 28 U.S.C. § 1404(a).

### I. *Facts*

Bally is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant Marie Kane resides in Odessa, Florida and conducts her business, Kane Amusement Distributing Company, a sole proprietorship, in Tampa, Florida. De-

fendant Kane Amusement Company is a Mississippi corporation.

This action arises out of a dispute over certain machinery ordered by a former employee of Kane from Bally and shipped by Bally to Kane. Between September, 1987 and March, 1988, Ralph Paukner, a former employee of Kane and a Florida resident, placed various telephone orders to purchase coin-operated games from Bally. Paukner placed these orders from Tampa, Florida and Bally accepted these orders at its offices in Franklin Park, Illinois. After Paukner placed each of these orders, Bally shipped the goods requested to Kane in Tampa, Florida, where the goods remained (except for a few items returned for credit). Pursuant to Bally's usual and customary billing procedure, Bally invoiced Kane shortly after each order was placed. Except for making one payment in May, 1988, Kane failed to pay for the goods ordered.

Bally then commenced this action seeking payment for the goods. Kane asserts that Paukner had no authority to order the goods on behalf of Kane and that Kane has initiated a lawsuit against Paukner for his alleged wrongdoing in the state court in Florida. For these and other reasons, Kane has now moved to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

### II. *Discussion*

Section 1404(a) governs the transfer of an action from one district court to another and provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

In order to invoke the provisions of Section 1404(a), the movant bears the burden of establishing (1) that venue is proper in the transferor district; (2) that the trans-

---

1. In her original memorandum, the basis of Kane's motion, which is labeled a "Motion for Change of Venue or Transfer for Forum Non Conveniens," is somewhat unclear. While Kane appears to proceed with the statutory analysis dictated by 28 U.S.C. § 1404(a), she also briefly suggests that she is not amenable to process in this district and, therefore, dismissal might be warranted under the analysis traditionally used under the common law doctrine of *forum non conveniens*. We dispose of this motion under 28 U.S.C. § 1404(a).

feror court has the power to transfer the case (that is, that the transferee court is in a district where it might have been brought); and (3) that the convenience of the parties and witnesses and the interests of justice favor transfer. *See Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982).

An analysis of the relevant factors in this case reveals that Kane has met her burden.

### A. Venue In This District

In this case, the first requirement has clearly been satisfied. Venue is proper in this district because jurisdiction is predicated solely on diversity of citizenship and Bally's principal place of business is located within this district. *See* 28 U.S.C. § 1391(a).

### B. Venue In The Middle District of Florida

Despite Bally's argument to the contrary, the second requirement of § 1404(a) has also been satisfied. Venue is proper in the Middle District of Florida because Kane resides there or because the cause of action arose there or both. *See* 28 U.S.C. § 1391(a).

To support residency as a ground for proper venue, Kane has filed uncontroverted affidavits stating that she resides in Florida. Bally, however, contests the validity of Kane's residency on two equally meritless grounds. First, Bally attempts to impeach Kane's statement of residency in her first affidavit by pointing out a purported inconsistency in another affidavit filed by Kane.[2] In that other affidavit, Kane states that her presence in Florida is required by virtue of her business dealings there. That statement, however, does not contradict the averment in her first affidavit regarding her residency. Both statements can be true at the same time; they are not mutually exclusive propositions. Second, Bally contends that Kane's failure

to deny the allegation in Bally's complaint that Kane is a citizen and resident of Mississippi demonstrates that Kane's claim of Florida residency is illegitimate. That argument also rings hollow. Kane has not yet filed an answer to Bally's complaint. The mere fact that Bally has alleged in its complaint that Kane resides in Mississippi does not render the allegation true, nor does it render Kane's affidavit untrue. Moreover, in the affidavit filed with her reply memorandum, Kane explicitly states that she terminated her previous residence and citizenship in Mississippi when she moved to Florida. Without more, Kane's initial affidavit, which states that she resides in Florida, and this latter affidavit, which confirms that she is a permanent, full-time Florida resident and citizen, stand uncontroverted and unimpeached. Based on Kane's residency, venue is therefore proper in the Middle District of Florida under 28 U.S.C. § 1391(a).

Alternatively, venue is proper in the Middle District of Florida because the claim arose there. Kane's failure to pay for the goods—the act of breach which triggered this lawsuit—occurred in Florida. Attempting to circumvent that fact, Bally contrives an argument that it expected Kane to make payment for the goods at its place of business in Illinois. That argument is unpersuasive for two reasons. First, it ignores the realities of modern day business transactions. Obviously, Bally did not expect Kane to leave Florida and make payment at Bally's offices in Illinois. Second, Bally's invoices contain no language to that effect. Perhaps certain parts of the transactions giving rise to this lawsuit occurred here, but the fact remains that most of the significant events underlying this dispute occurred in Florida. Thus, venue is also proper there under 28 U.S.C. § 1391(a).

### C. Considerations of Convenience and Fairness

The final component of Section 1404(a) requires an individualized, case-by-

---

**2.** Kane has actually filed four separate affidavits in support of her motion. The first two were filed in conjunction with her memorandum in support of her motion; the other two were filed with her reply memorandum and were presumably intended to answer certain questions raised by Bally in its memorandum in opposition to the motion.

case analysis of three factors: the convenience of parties, the convenience of witnesses, and the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). A transfer is warranted only if the movant can demonstrate, by reference to particular circumstances, that the transferee forum is "clearly more convenient." *Coffey*, 796 F.2d at 219–220. A plaintiff's choice of forum will not be disturbed if transfer will merely shift the inconvenience of litigation from one party to another. *See Feldman Associates v. LinGard & Associates, Inc.*, 676 F.Supp. 877, 881 (N.D.Ill.1988). The movant, however, need not make as strong a showing of inconvenience for a Section 1404(a) transfer as for a *forum non conveniens* dismissal. *Coffey*, 796 F.2d at 220.

Guided by these standards, we examine each of the relevant factors:

### 1. *Convenience of Parties*

■ Although both parties will be inconvenienced if required to litigate in a foreign forum, Kane has demonstrated that she will suffer serious inconvenience if this action remains here. She resides in Florida with her husband, who is an invalid confined to a wheelchair and who depends exclusively on her for his care and transportation. In addition, Kane runs a small business in Florida. According to her affidavit, her daily presence at that business is critical to its continued operation, especially because the business is currently beset by financial problems. As a result of these circumstances, Kane will experience great emotional, physical, and financial hardship if required to defend this action here.

In contrast, though Bally will be inconvenienced by having to litigate this action in Florida, the inconvenience it will experience pales in comparison to Kane's inconvenience. While Bally's principal place of business is located within this district, Bally obviously does business in Florida and does not deny that it conducts business throughout the United States. In addition, unlike Kane, Bally has not pleaded a claim of financial hardship. Bally, a major corporation, undoubtedly has greater financial

resources available to it than does Kane. Hence, the hardship or inconvenience sustained by Bally if required to litigate in Florida, where it already conducts some business, is considerably less than the hardship or inconvenience Kane would sustain if required to defend this action here. After weighing the relative inconvenience to the parties of litigating in a foreign forum, and according due deference to Bally's choice of forum, we conclude that the scales tip strongly in favor of transfer.

### 2. *Convenience of Witnesses*

In this case, each of the parties has identified potential non-party witnesses who will be inconvenienced by having to travel to another forum to provide testimony in this action. On the one hand, Bally has named as potential witnesses two of its former employees, both of whom reside in the Northern District of Illinois. On the other hand, Kane has identified as potential witnesses three of its former employees and representatives from an accounting firm, all of whom reside in the Middle District of Florida. Based on sheer numbers, Kane enjoys a slight, though perhaps not decisive, advantage over Bally.

■ Sheer numbers alone, however, do not accurately gauge the full extent of the witness convenience factor. In weighing the relative convenience of witnesses, the Court must also consider the nature and quality of their testimony and their availability by compulsory process. *See Hotel Constructors*, 543 F.Supp. at 1051. The live testimony of material non-party witnesses is preferred. *See Hotel Constructors*, 543 F.Supp. at 1051.

Given the allegations made by Bally in its complaint and the defenses raised by Kane, the most critical witness in this action undoubtedly will be Ralph Paukner, the former employee of Kane who purported to order the goods from Bally on behalf of Kane. Because the issue at the heart of this dispute is whether Paukner had the authority to order the goods in question from Bally on behalf of Kane, both Bally's success in prosecuting its claim against Kane and Kane's success in defending the

claim will necessarily hinge on the nature and quality of Paukner's testimony.[3] Paukner, however, resides in the Middle District of Florida; therefore, he is not subject to compulsory process here and this Court cannot compel his presence at trial. Furthermore, because Kane has sued Paukner in the Florida state court, Paukner will undoubtedly be a hostile, rather than friendly, witness. Thus, the likelihood that Paukner will voluntarily appear and testify in this district is remote at best.

 Whereas Paukner and Kane's other non-party witnesses will likely testify regarding disputed factual issues concerning Paukner's authority, Bally's non-party witnesses will likely testify regarding largely undisputed factual issues. Indeed, neither party disputes the central allegations of Bally's complaint: that someone purporting to act on behalf of Kane placed various orders for goods with Bally, that Bally received the orders, that Bally shipped the requested goods to Kane, and that Kane failed to pay for the goods shipped. Moreover, although Bally's two non-party witnesses are not subject to compulsory process in the Middle District of Florida, Bally has not intimated that either of these witnesses is openly hostile toward Bally or that they would be otherwise reluctant to voluntarily appear and testify on behalf of Bally. If they are, Bally can secure their testimony by deposition.

We recognize that the testimony of these non-party witnesses may be significant to Bally's case. Nevertheless, we believe that Paukner's live testimony is more significant to *both* parties' claims than the testimony of the other non-party witnesses. Because Paukner, the key non-party witness, and three other non-party witnesses reside in the Middle District of Florida, only the transferee court can compel their presence at trial. This factor is critical. After weighing this and the other factors bearing upon the *relative* inconvenience to the non-party witnesses of Bally and Kane,

we believe that the scales tip clearly in favor of transferring this action to the Middle District of Florida.

### 3. Interests of Justice

 The final factor we are required to consider under Section 1404(a) also supports transfer. Although the "interest of justice" rubric encompasses several factors, this prong of the Section 1404(a) analysis generally embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses. See *Coffey*, 796 F.2d at 221.

Transfer of this case will promote the interests of justice because Kane has a previously filed lawsuit currently pending against Paukner in the Florida state court. In that lawsuit, Kane has alleged that Paukner committed a series of acts beyond the scope of his authority while employed by Kane. Based on these allegations, Kane has asserted claims against Paukner for an accounting, conversion, civil theft, and breach of contract.

The dispositive issue in both the Florida state court action and in this action is whether Paukner acted beyond the scope of his authority when he engaged in certain transactions on behalf of Kane. Because the same witnesses and sources of proof undoubtedly will be used to resolve this common issue, consolidation may be feasible. Even if consolidation is not feasible (because Bally insists on pursuing its claim in federal court rather than bringing its claim in the Florida state court), the interests of judicial economy will still be served by streamlining the discovery process and by having the state court resolve the issues common to both actions before Bally proceeds any further with its federal action. For these reasons, the interests of justice also favor transfer.

### CONCLUSION

In sum, Kane has demonstrated that the scales tip clearly in favor of transfer on all

---

**3.** The need for Paukner's live testimony in this case is particularly compelling because a resolution of this issue will turn largely on the credibility of Paukner's testimony. Without the opportunity to observe Paukner's demeanor while testifying, the trier of fact could not effectively evaluate Paukner's credibility.

three prongs of Section 1404(a). Accordingly, Kane's motion to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) is granted.