**KOOS, INC., Plaintiff,**

v.

**PERFORMANCE INDUSTRIES, INC., Defendant.**

**No. 90 C 5855.**

United States District Court, N.D. Illinois, E.D.

Oct. 17, 1990.

---

David Marx, Jr., McDermott Will & Emery, Chicago, Ill., for plaintiff.

Russell J. Hoover, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

On October 9, 1990, plaintiff, Koos, Inc. ("Koos") filed a verified complaint, along with a motion for a temporary restraining order, against defendant, Performance Industries, Inc. ("PII"). In response, PII filed a verified answer and raised certain defenses. Both parties also submitted affidavits. The Court scheduled a hearing on plaintiff's motion for a temporary restraining order on October 12, 1990. At the outset of the hearing, the Court raised the issue of whether this district was the proper venue for plaintiff's action. After hearing arguments of counsel on this issue, and reviewing the pleadings and affidavits filed by both parties, this Court, on its own motion, issued a minute order transferring this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (*See* Minute Order of October 12, 1990). In the same minute order, the Court also declined to reach the merits of Koos' motion for a temporary restraining order and advised the parties that a written opinion addressing the issues under Section 1404(a) would follow. Pursuant to that order, the Court sets forth its reasons for transferring this action to the United States District Court for the Eastern District of Pennsylvania under Section 1404(a).

### I. *Facts*

Koos is a Wisconsin corporation with its principal place of business in Kenosha, Wisconsin. Koos is engaged in the business of manufacturing, advertising, and selling an ice-melting product called "SAFE STEP Ice Melter" ("Safe Step"). "Safe Step" is sold for use in thawing ice and snow on sidewalks, driveways, and other similar surfaces. "Safe Step" is a registered trademark owned by Koos, and Koos manufactures "Safe Step" under two patents issued by the United States Patent Office. "Safe Step" has generated millions of dollars in sales for Koos.

PII is a Pennsylvania corporation with its principal place of business in Trevose, Pennsylvania. PII is engaged in the business of manufacturing and marketing an ice-melting product called "safe-t-thaw." PII competes directly with Koos, selling its product to the same customers and in the same market as Koos. Like Koos, PII has obtained a patent on its "safe-t-thaw" product from the United States Patent Office. Last year, "safe-t-thaw" generated $500,-000 in gross sales for PII.

This action arises out of PII's distribution of allegedly misleading comparative advertisements. In these advertisements, PII compares its "safe-t-thaw" product to Koos' "Safe Step" product. Since approximately May 1989, PII, by its own admission, has been distributing brochures containing these comparative advertisements to potential customers, brokers, manufacturers' representatives, and end-users, both by mail and in person on a regular basis. These brochures are the only form of advertising for PII's product.

During 1989 and 1990, PII's brokers and manufacturers' representatives attended regional trade shows on a regular basis and distributed this advertising during those shows. In addition, during 1990, PII displayed and distributed this advertising at several trade shows, including the North American Snow Conference in St. Louis, Missouri in April, 1990; the Canadian Public Works Show in Manitoba, Canada in May, 1990; an airport managers show in Buffalo, New York in June, 1990; and, most recently, at the National Hardware Show in Chicago, Illinois in August, 1990.

Koos first discovered PII's comparative advertisements in early summer, 1990. On

July 26, 1990, some time after Koos' discovery and shortly before the commencement of the National Hardware Show in Chicago, counsel for Koos wrote a letter to Steven Greenwald, President of PII. In that letter, counsel for Koos advised PII that Koos considered certain advertisements and packaging for PII's "safe-t-thaw" product to contain false and misleading descriptions and misrepresentations of fact. Counsel for Koos also demanded that PII immediately cease and desist from making further misrepresentations of either its own product or Koos' product. Finally, counsel for Koos concluded his letter by requesting written confirmation of compliance with Koos' demands prior to August 10, 1990.

On August 10, 1990, counsel for Koos apparently followed up his letter with a telephone call to counsel for PII. That same day, PII's counsel sent a letter to Koos' counsel acknowledging their telephone conversation. In his August 10, 1990 letter, counsel for PII advised counsel for Koos that PII would obliterate the "Safe Step" trademark from PII's advertisements and, beyond that, counsel for PII would review Koos' allegations with PII. During the course of the National Hardware Show, additional telephone conversations and correspondence ensued regarding PII's advertising and its dissemination at the National Hardware Show. Based on the contents of this correspondence, the parties disagreed as to what type of agreement, if any, had been reached between them before the National Hardware Show.

Finally, in a letter dated September 12, 1990, counsel for PII responded to Koos' letter of July 26, 1990. In his September 12, 1990 letter, counsel for PII denied Koos' allegations that PII's literature was false and implied that PII planned to continue to distribute the advertisements. By letter dated September 26, 1990, counsel for Koos replied, advising counsel for PII that Koos disagreed with PII's conclusions and that Koos continued to believe that PII's advertising materials contained false and misleading information. In his letter, counsel for Koos also enclosed a draft complaint and informed counsel for PII that

unless PII agreed to refrain from any further dissemination of its false advertising, counsel for Koos had been instructed to file the draft complaint in this district.

On October 4, 1990, counsel for Koos again wrote to counsel for PII, acknowledging receipt of a proposal from PII to settle the dispute. In this letter, counsel for Koos advised counsel for PII that PII had its choice of either providing specific, definitive evidence of the truth of its claims within 24 hours or agreeing to modify its claims so that they would not be false. Counsel for Koos also reiterated its threat to file the complaint attached to its previous letter in the absence of an appropriate response.

On October 5, 1990, PII filed suit against Koos in the United States District Court for the Eastern District of Pennsylvania. In its complaint, styled as *Performance Industries, Inc. v. Koos, Inc.*, No. 90–6435 (E.D.Pa. October 5, 1990) ("the Pennsylvania action"), PII seeks a declaratory judgment that it has not violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.S.A. § 202–1 *et seq.*, or various common law doctrines.

On October 9, 1990, Koos filed this action. This action arises out of the same subject matter as the Pennsylvania action. In the instant complaint, Koos alleges that PII violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Rev.Stat. ch. 121½, ¶¶ 261–272, and the Illinois Uniform Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 311 *et seq.* Along with its complaint, Koos filed a motion for a temporary restraining order. The primary purpose of Koos' motion is to restrain PII from distributing its comparative advertising materials at the upcoming International Sanitary Supply Association Show in Atlanta, Georgia ("the ISSA Show"). Koos claims, and PII does not dispute, that the ISSA Show, which is scheduled to commence on October 18, 1990, is the most important trade show of the year for this particular business.

## II. *Discussion*

Section 1404(a) governs the transfer of an action from one district court to another and provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). In this case, the parties concede that venue properly lies both in this district and in the Eastern District of Pennsylvania.[1] Thus, our analysis focuses on the final component of Section 1404(a), which requires an individualized, case-by-case analysis of three factors: the convenience of parties, the convenience of witnesses, and the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986); *Bally Mfg. Corp. v. Kane*, 698 F.Supp. 734, 737–38 (N.D.Ill. 1988). The weighing of these factors is committed to the sound discretion of the trial court. *See Coffey*, 796 F.2d at 219.

### A. *Convenience of Parties*

Koos is a Wisconsin corporation with its corporate headquarters located in Kenosha, Wisconsin. Initially, Koos contended that Illinois is a more convenient forum for this litigation because its principals reside here, its counsel is located here, and the cause of action "arose" here. After questioning by the Court, however, counsel for Koos conceded that the latter two factors do not persuasively weigh in favor of keeping the litigation in this district.

First, counsel for Koos admitted that convenience of counsel is *not* a factor for consideration under Section 1404(a). Even if counsel for Koos had declined to concede this issue, the Court would have taken judicial notice that there are many lawyers within the Eastern District of Pennsylvania who could act as principal or local counsel for Koos.

Second, counsel for Koos conceded that its cause of action "arose" not only in this district, but also in Pennsylvania (where PII filed an action involving the same subject matter) and in every other district in which PII distributed or disseminated its allegedly misleading advertisements. Thus, Koos could have sought the relief it seeks in this action in any other district.

Having eliminated two of the three factors cited by Koos in support of retaining this action in this district, the Court is left with the fact that Koos' principal officers reside in this district. While these corporate officers may reside in Illinois, technically, they are not "parties" to this litigation; consequently, their interests are more properly addressed under that prong of Section 1404(a) which addresses the convenience of witnesses. Essentially, then, Koos is a Wisconsin corporation which has filed suit in Illinois, rather than in its home state. Koos' sole reason for selecting this forum is that it will be more convenient to pursue its claims in Illinois, where its corporate officers reside, than in Pennsylvania.

PII, on the other hand, is a Pennsylvania corporation with its corporate headquarters in Trevose, Pennsylvania. Unlike Koos, PII pleads that it will incur financial hardship if forced to defend this action here. Although it does business in this district and in many other districts throughout the country, PII points out that it is a small competitor of Koos. Whereas Koos, by its own admission, is a multi-million dollar company, PII's gross sales figures for last year totaled approximately $500,000.00. Thus, PII undoubtedly would suffer greater financial or economic hardship if forced to defend this action here, especially when Koos could assert the claims it has filed in this action as compulsory counterclaims in the earlier filed Pennsylvania action. While Koos unquestionably will be inconvenienced by having to pursue this litiga-

---

**1.** For the record, PII did not explicitly concede that venue was proper in this district, but did concede that its activities here were sufficient to subject it to personal jurisdiction in this district. Under Section 1391(c), for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In effect, then, PII conceded that venue is proper in this district.

tion in Pennsylvania, the Court believes that the balance of convenience of the parties weighs in favor of transfer, if only slightly.

## B. Convenience of Witnesses

It appears that the key witnesses who will testify to the events leading up to this dispute are either principals or employees of the corporate parties; as such, these witnesses either are individuals whose interests are so united with those of the named parties that they will appear voluntarily or are individuals within the control of the parties to this action. For example, Koos has identified its corporate principals, who reside in Illinois, as probable witnesses. Likewise, PII has identified its corporate principals, who reside in Pennsylvania, as probable witnesses.

While neither party has definitively identified any non-party witnesses whom it intends to call, PII has asserted that all of the relevant documents and sources of proof underlying both parties' claims are located in Pennsylvania. PII commissioned the studies which formed the basis for the advertisements at issue in Pennsylvania. PII also issued the advertisements from its Pennsylvania office. In addition, the ad copy was generated in Pennsylvania. Because all of these activities occurred in Pennsylvania, and many of them undoubtedly involved potential non-party witnesses who are not subject to compulsory process in this district, the balance of convenience on this factor tips strongly in favor of transfer to Pennsylvania.

## C. Interest of Justice

In this case, the final factor we are required to consider under Section 1404(a), more than any other, tips the scales most decisively in favor of transfer. Although the "interest of justice" rubric encompasses several factors, this final component of Section 1404(a) generally focuses on traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses. See Coffey, 796 F.2d at 221; Bally, 698 F.Supp. at 739.

Here, transfer will promote the interest of justice for several reasons. First, the events underlying this lawsuit bear little connection with this forum. Indeed, the National Hardware Show, which occurred within this district, just happens to be one of the many places where PII distributed its allegedly misleading advertising and promotional material. During the hearing on Koos' motion for a temporary restraining order, counsel for Koos admitted that Koos could have filed this suit in any district where PII distributed its advertising and promotional literature and that there is "nothing special" about Illinois. Counsel for Koos further conceded that Koos seeks to restrain PII from disseminating its literature not only here, but also throughout the United States. Given these facts, this litigation undoubtedly has the most significant contacts with Pennsylvania, where PII is incorporated and has its headquarters, where the allegedly misleading advertising was authored and issued, where the studies which formed the basis for PII's advertisement were commissioned, and where the ad copy was generated.

The second factor weighing in favor of transfer is the likelihood that the parties will receive an earlier trial and resolution of this matter in the Eastern District of Pennsylvania. Court statistics demonstrate that parties in this district must wait an average of 15 months to reach trial, whereas the parties in the Eastern District of Pennsylvania must wait an average of 11 months to reach trial. See Federal Court Management Statistics at 57, 101 (1989). Furthermore, we note that the Northern District of Illinois consistently ranks near the top of the most congested district courts nationally. See Letter–Rite, Inc. v. Computer Talk, Inc., 605 F.Supp. 717, 722 (N.D.Ill.1985).

Finally, and most significantly, transfer of this case to Pennsylvania will conserve judicial resources because Koos can assert the claims it makes in this action as compulsory counterclaims in the earlier filed Pennsylvania action. See Fed.R.Civ.P. 13(a). Koos does not dispute that PII filed its declaratory judgment action in Pennsylvania on October 5, 1990, four days before

Koos filed this action. Moreover, by its own admission, Koos can seek identical relief in the Pennsylvania action.

Nevertheless, Koos contends that transferring this case to Pennsylvania will not promote the interest of justice. According to Koos, PII's conduct in filing its declaratory judgment action in Pennsylvania before Koos could file its action here amounted to nothing more than a preemptive strike and PII should not be rewarded for winning the race to the courthouse. In support of this argument, Koos has cited this Court's decision in *Associated Mills, Inc. v. Regina Co., Inc.*, 675 F.Supp. 446 (N.D.Ill.1987).

In *Associated Mills*, the plaintiff filed a declaratory judgment action in this district in anticipation of an infringement action by the defendant. Twelve days later, the defendant filed its infringement action against the plaintiff in the United States District Court for the District of New Jersey. The issue before the Court was whether the infringement action, filed twelve days after the plaintiff filed its declaratory judgment action here, should proceed. This Court held that the subsequently filed infringement action should proceed and that the plaintiff's earlier filed declaratory judgment action should be dismissed. In so holding, this Court relied on the general principle, articulated in the Seventh Circuit's opinion in *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir.1987), that a federal court has the discretion to decline to hear a declaratory judgment, even though it within the court's jurisdiction to do so. Exercising that discretion, this Court offered two reasons for declining to hear plaintiff's declaratory judgment action in *Associated Mills*. First, we observed that the pending infringement action had caused the controversy between the parties to "ripen" to the point where a declaratory judgment would serve no useful purpose. Second, we explained that the plaintiff's conduct in filing its declaratory judgment action first amounted to nothing more than a preemptive strike and that we would not reward plaintiff for winning the race to the courthouse.

Koos' reliance on *Associated Mills* in this case, however, is inapposite because *Associated Mills* is distinguishable from this case in two respects. First, the procedural posture of this case is the opposite of that in *Associated Mills*. In *Associated Mills*, this Court had before it the declaratory judgment action and, therefore, could exercise its discretion to decline to hear that action. In contrast, in this case, the district court in Pennsylvania, rather than this Court, has the declaratory judgment action on its docket. Thus, the overriding principle of *Associated Mills* and *Tempco*—that a federal court may decline to hear a declaratory judgment action even though it is within the court's jurisdiction to do so— does not apply here, even though the rationale underlying the opinion may be favorable to Koos.

Second, and even more fundamentally, unlike Koos, the corporate plaintiff in *Associated Mills* was an *Illinois* corporation and, therefore, this Court had no occasion to raise the venue issues it has raised here under Section 1404(a). Given this distinction, Koos' argument that transfer of this case would only reward PII for winning the race to the courthouse loses its surface appeal; that one party or another wins or loses the race to the courthouse is irrelevant when the wrong courthouse is involved. Indeed, even if PII had not filed a declaratory judgment action at all or had not filed its declaratory judgment action first, this Court still believes that for all of the other reasons already set forth, transfer is warranted under Section 1404(a) because Pennsylvania is clearly the more convenient forum.

### III. *Conclusion*

For the reasons outlined, the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania.

IT IS SO ORDERED.