GEN 17, INC.,
**Plaintiff/Counterdefendant,**

v.

**SUN MICROSYSTEMS, INC., and Sunsoft, Inc., Defendants/Counterplaintiffs.**

**No. 96 C 5756.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 11, 1997.

Mark T. Banner, Kenneth John Rudofski, Banner & Witcoff, Ltd., Chicago, IL, for Plaintiff/Counterdefendant.

William J. Harte, William J. Harte, Ltd., Chicago, IL, Lloyd R. Day, Jeffrey G. Randall, Chuck P. Ebertin, Cooley, Godward LLP, Palo Alto, CA, for Defendants/Counterplaintiffs.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants/counterplaintiffs Sun Microsystems, Inc., and Sunsoft, Inc.'s, motion to transfer this case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court grants the motion to transfer.

### I. BACKGROUND

Plaintiff/counterdefendant GEN 17, Inc. ("plaintiff"), is an Illinois corporation with its principal place of business in Highland Park, Illinois. Defendants/counterplaintiffs Sun Microsystems, Inc. ("Sun"), a Delaware corporation, and Sunsoft, Inc. ("Sunsoft"), a California corporation and subsidiary of Sun (collectively, "defendants"), both share Mountain View, California, as their principal place of business. Plaintiff sued defendants in this

court, the United States District Court for the Northern District of Illinois, for the alleged infringement of United States Patent No. 4,956,809 ("the '809 patent"). Defendants filed counterclaims seeking, among other things, a declaratory judgment invalidating the '809 patent. Defendants have filed the present motion pursuant to 28 U.S.C. § 1404(a), requesting a change of venue to the United States District Court for the Northern District of California.

## II. *DISCUSSION*

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking a transfer under section 1404(a) bears the burden of establishing that (1) venue is proper in the transferor district; (2) venue is proper in the transferee forum; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interests of justice. *Id.; Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986).

The first two factors are not at issue in this case because the parties agree, as does this court, that venue is proper in both this court and the Northern District of California. Therefore, the only issue in dispute is whether a Section 1404(a) transfer to the Northern District of California is for the convenience of the parties and witnesses and in the interest of justice. These factors are analyzed on an individualized, case-by-case basis. *See Coffey,* 796 F.2d at 219–20.

## A. *Convenience of the litigants and witnesses*

■ In determining whether to transfer venue, the court seeks to promote both the private interests of the parties and the efficient administration of justice. *North Shore Gas Co. v. Salomon, Inc.,* 896 F.Supp. 786, 791 (N.D.Ill.1995) (citing *Black v. Mitsubishi Motors Credit of America, Inc.,* No. 94 C 3055, 1994 WL 424112, *2 (N.D.Ill. Aug.10, 1994)). Private interests that may support a transfer include "the plaintiff's initial choice of forum; the relative ease of access to

sources of proof; the availability of compulsory process for the attendance of unwilling witnesses, and the costs of obtaining the attendance of witnesses; and the situs of material events." *Id.* (citing *Genden v. Merrill Lynch, Pierce, Fenner & Smith,* 621 F.Supp. 780, 782 (N.D.Ill.1985); *Club Assistance Program, Inc. v. Zukerman,* 598 F.Supp. 734, 736–37 (N.D.Ill.1984)).

■ While plaintiff argues that its selection of the Northern District of Illinois as its forum should be afforded substantial deference, it is "simply one factor among many to be considered." *Club Assistance Program,* 598 F.Supp. at 736. As for all other convenience factors, plaintiff claims they are equally balanced between the parties. The court agrees with part of plaintiff's analysis as to the convenience to the parties, in that transferring venue to California will merely shift the burden to litigate in a distant forum from the defendants to plaintiff. However, this court disagrees with plaintiff's analysis of the factors related to the location of witnesses and situs of material events, and finds that these factors are not equally balanced between the parties.

### 1. Witnesses

Although neither party has submitted an official witness list, defendants have identified eleven witnesses, all of whom reside in California, whom defendants will call to give testimony in response to plaintiff's infringement claim. In addition, defendants have identified nine third-party witnesses in California whom they will call to testify or who have documents relating to defendants' counterclaims. Plaintiff, on the other hand, has specifically identified at most four witnesses who reside in Illinois. The few other potential witnesses plaintiff has identified reside outside Illinois, and one actually resides in California. Any inconvenience to witnesses living outside both Illinois and California would be essentially the same whether they are required to travel to Illinois or California to testify. However, defendants have identified twenty witnesses who would be required to travel from California to Illinois if this case were tried here. Many of those witnesses may not be subject to compulsory

process in Illinois. Moreover, recognizing the large disparity in potential witness travel costs to the parties, defendants have offered to pay the expenses for plaintiff's four Illinois witnesses to travel to California for trial.

Because defendants have a substantially greater number of witnesses who would be inconvenienced by travelling to Illinois for trial than plaintiff has of witnesses who would be inconvenienced by travelling to California for trial; because many of defendants' numerous witnesses may not be subject to subpoena in Illinois; and because the travel expenses for defendants' witnesses to attend trial in Illinois would be significantly higher than the travel expenses for plaintiff's witnesses to attend trial in California, the Northern District of California is clearly the more convenient forum with respect to the witnesses.

### 2. Situs of material events

Defendants also contend that transfer to the Northern District of California is proper because the situs of the material events is California, defendants' principal place of business. Defendants have established that none of the alleged infringing products was developed or manufactured in Illinois. (Patch Decl. ¶¶ 9, 14.) Rather, the majority of defendants' research and development facilities; some of their manufacturing facilities; and their corporate headquarters are in Northern California. (*Id.* ¶¶ 4, 9–16.) The court gives defendants' argument credence because patent infringement actions "often focus on the activities of the alleged infringer, its employees, and its documents," *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership,* 807 F.Supp. 470, 474 (N.D.Ill.1992), and plaintiff has not demonstrated that that is not the case here. Thus, the court finds that the situs of the material events also weighs in favor of transferring this case to California.

### 3. Ease of access to sources of proof

Though neither party addresses the issue, it appears to the court that if California is the situs of material events and the location of most of the witnesses, then most of the evidence in this case can be found in Califor-

nia. Therefore, the Northern District of California likely is the more convenient forum with respect to the relative ease of access to sources of proof.

### B. Interests of justice

■ The interest of justice factor "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *Applied Web Systems, Inc. v. Catalytic Combustion Corp.,* No. 90 C 4411, 1991 WL 70893, *6 (N.D.Ill. Apr.29, 1991) (citing *Coffey,* 796 F.2d at 221; *Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734, 739 (N.D.Ill.1988)). In analyzing this factor, the court considers such things as in which forum the litigants are likely to receive a speedier trial, and, in diversity cases, whether the court trying the case will be familiar with the applicable state law. *Applied Web Systems,* 1991 WL 70893, at *6 (citing *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey,* 796 F.2d at 221).

Patent infringement is a question of federal law, a question that both this court and the Northern District of California are equally competent to hear. As for speed to disposition, the most recent statistics regarding judicial caseload indicate that parties in the Northern District of California are not much better off than parties in the Northern District of Illinois, with respect to how quickly the court will dispose of or try their cases. In the Northern District of California, the median time from the filing of a civil case to its disposition is five months, and from filing to trial, 27 months. STATISTICS DIV., ADMIN. OFFICE OF THE U.S. COURTS, 1995 FED. CT. MGMT. STAT. 127 (1996). In the Northern District of Illinois, the median time from the filing of a civil case to its disposition is seven months, and from filing to trial, 25 months. *Id.* at 101. Based on these statistics, while a case may be disposed of by motion more quickly in the Northern District of California than it would be in the Northern District of Illinois, it will proceed to trial more quickly in Illinois than in California. In short, the interest of justice analysis is essentially neutral; that is, it is not markedly more economic or efficient to have the instant case trans-

ferred to the Northern District of California than it is to have it proceed in the Northern District of Illinois.

### III. *CONCLUSION*

Because defendants have demonstrated that the location of witnesses and situs of material events, and consequently, the relative ease of access to sources of proof, make the Northern District of California clearly the more convenient forum for litigating this case, the court grants defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). This case is transferred to the United States District Court for the Northern District of California, San Jose Division.